In re: DIRECTV, INC., EARLY CANCELLATION FEE MARKETING AND SALES PRACTICES LITIGATION.

### MDL No. 2093.

United States Judicial Panel on Multidistrict Litigation.

Oct. 9, 2009.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL *, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR. and Judges of the Panel.

tion of this matter.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Plaintiffs in actions pending in the Southern District of Florida, the Northern District of Georgia, and the Western District of Washington have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Western District of Washington. Plaintiffs in the Eastern District of Pennsylvania and the District of New Jersey actions support the motion. Plaintiffs in the Central District of California action suggest centralization in the Central District of California. Plaintiff in the Northern District of California action opposes inclusion of his action in MDL proceedings. Defendants oppose centralization or, alternatively, support centralization in the Central District of California.

This litigation currently consists of seven actions listed on Schedule A and pending in seven districts, one action each in the Central District of California, the Northern District of California, the Southern District of Florida, the Northern District of Georgia, the District of New Jersey, the Eastern District of Pennsylvania, and the Western District of Washington.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions, including the Northern District of California action, involve allegations that defendants commit their customers to minimum programming terms without their knowl-

edge or consent and unlawfully charge an early termination fee if the customer cancels service prior to the expiration of that programming term. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization, defendants argue that, while centralization would promote the convenience of the parties and witnesses and foster the just and efficient conduct of this litigation, pending or soon-to-be-filed motions to compel arbitration, motions to dismiss, or motions to transfer under Section 1404 may moot the question of Section 1407 centralization at some point in the future. Additionally, the Northern District of California plaintiff argues against inclusion of his action in centralized proceedings, because his action is unique and is currently stayed.

These arguments are unconvincing. The parties can present any pending motions to the transferee court and, indeed, such duplicative motions may benefit from centralized treatment. Moreover, we find that the Northern District of California action is sufficiently related to the remaining actions before the Panel to warrant inclusion. This plaintiff alleges that his programming commitment was unilaterally extended by defendant DirecTV, Inc., and, like the other actions, if he were to cancel his service, defendant would charge an early termination fee.

We are persuaded that the Central District of California is an appropriate transferee district. Four actions are already consolidated in that district before Judge Andrew J. Guilford, including the first-filed action. Moreover, DirecTV, Inc., is

---

1. The parties have notified the Panel that two additional related actions are pending, one each in the Western District of Louisiana and the District of South Carolina. These actions

are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

headquartered in that district and, therefore, relevant documents and witnesses are likely located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Andrew J. Guilford for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

### SCHEDULE A

MDL No. 2093—IN RE: DIRECTV, INC., EARLY CANCELLATION FEE MARKETING AND SALES PRACTICES LITIGATION

*Central District of California*
*In re DirecTV Early Cancellation Fee Litigation,* C.A. No. 8:08–741

*Northern District of California*
*Bruce Keiser v. DirecTV, Inc.,* C.A. No. 5:09–2149

*Southern District of Florida*
*Sandra Johannes, et al. v. DirecTV, Inc.,* C.A. No. 0:09–60464

*Northern District of Georgia*
*Renato Cappuccitti, et al. v. DirecTV, Inc.,* C.A. No. 1:09–627

*District of New Jersey*
*Lloyd Cadigan v. DirecTV, Inc., et al.,* C.A. No. 3:09–2333

*Eastern District of Pennsylvania*
*Gary Smith v. DirecTV, Inc., et al.,* C.A. No. 2:09–2157

*Western District of Washington*
*Keith C. Harper, et al. v. DirecTV, Inc.,* C.A. No. 2:09–282